Rehman v. Sessions

BIA
Poczter, IJ
A088 406 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        REENA RAGGI,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

ABDUR REHMAN,
        *Petitioner,*

        v.                                      16-208
                                                NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General, Douglas
                       E. Ginsburg, Assistant Director,
                       Andrew B. Insenga, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdur Rehman, a native and citizen of Pakistan, seeks review of a January 12, 2016 decision of the BIA affirming a March 18, 2014 decision of an Immigration Judge ("IJ") denying Rehman's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdur Rehman,* No. A088 406 441 (B.I.A. Jan. 12, 2016), *aff'g* No. A088 406 441 (Immig. Ct. N.Y.C. Mar. 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006).

I. Asylum

An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's pretermission of asylum on timeliness grounds is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see* 8 U.S.C. § 1158(a)(3).

Rehman contends that we have jurisdiction to consider his argument that the BIA engaged in improper fact-finding on appeal. He asserts that the IJ ignored evidence that his delay in filing for asylum after his entry in March 2005 was justified by the time it took for him to collect documents to support his application, after he discovered his undocumented status, and that the BIA erred by deeming this evidence unpersuasive.

The BIA did not engage in improper de novo fact-finding. Rather, it evaluated the import of the facts found by the IJ—that Rehman was represented by counsel during the nine months between the time he discovered his lack of status and his 2013 filing of his asylum application—and held that those facts rendered Rehman's argument unpersuasive. Because the BIA did not engage in improper fact-finding, we have no jurisdiction to conduct any further review of the agency's denial of asylum.

II. Withholding of Removal

Since Rehman did not allege past persecution, he bore the burden of demonstrating that he would "more likely than not" be persecuted on account of a protected ground upon his return to Pakistan. As relevant to this case, he had to show that his political opinion or his membership in a particular social group would be "one central reason" that armed men, or mujahideen, would target him if he returned to Pakistan. *See* 8 U.S.C.

3

§§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(iii); *In re C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). A fear of future persecution must be "objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), and requires "some showing that" the persecutors "are either aware of [the petitioner's] activities or likely to become aware of his activities," *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The claim cannot be speculative and must have "solid support in the record." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Rehman testified that mujahideen came to his home in Pakistan in 2004 or 2005, and said that because he had been to the United States, he had a lot of money. They therefore demanded payment and his participation in jihad. Based on this testimony, which did not reflect any awareness by the mujahideen of Rehman's political activities, the agency reasonably determined that the mujahideen were motivated by desire to increase their financial resources and fill their ranks rather than antagonism toward Rehman's political opinion. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir. 2006) (applicant must show that his "persecutor is, or could become, aware of the applicant's possession of the disfavored belief or characteristic"); *cf. Paloka v. Holder*, 762 F.3d 191, 196-97

4

(2d Cir. 2014) (whether persecution occurs "on account of" membership in a particular social group "depends on the views and motives of the persecutor"). Rehman's argument that his membership in the Awami National Party ("ANP") serves as circumstantial evidence that he was targeted because of his ANP membership is circular and unpersuasive. *Jian Xing Huang*, 421 F.3d at 129.

Rehman also argues that these facts show that the mujahideen targeted him because of his membership in two particular social groups: Pakistani citizens with perceived ties to the United States, and Pakistani citizens perceived to support the United States. Although the agency does not appear to have considered whether these could constitute cognizable particular social groups, Rehman's argument fails. These purported groups are overbroad and amorphous. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). A particular social group is cognizable if it refers to "a discrete class of persons" and "the relevant society perceives, considers, or recognizes the group as a distinct social group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210, 217 (BIA 2014); *see Paloka*, 762 F.3d at 195 (deferring to the BIA's construction of "particular social group"). Rehman does not elaborate on what it means in this context to "have ties to" or "support" the United States. Those

phrases could encompass an enormous range of actions or activities. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (BIA 2014) (particular social group cannot be "amorphous, overbroad, diffuse, or subjective"). Indeed, Rehman's own (adult) children living in Pakistan could be described as having ties to the United States, because they have a relative in the United States who sends them money, but Rehman presented no evidence that the mujahideen have contacted them since 2008 or 2009. Nor does Rehman present any evidence that Pakistani society recognizes his proposed groups as socially distinct. *See Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views a group as socially distinct . . . ."). Accordingly, the agency reasonably concluded that Rehman failed to show a clear probability of future harm on account of a protected ground.

Rehman argues that the IJ failed to consider his corroborating evidence of his fear of future persecution. As the agency found, Rehman failed to submit a statement or any other evidence from his family that anyone was still seeking him out in Pakistan, even though he testified that he frequently speaks to his son on the phone and such evidence would be readily available. Because the agency may require corroboration of otherwise credible testimony and because Rehman was in contact

6

with his son and could have, but did not, obtain a statement from him, the IJ did not err in finding that Rehman failed to corroborate his claim that his son had received threats or inquiries about Rehman. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). Rehman's explanation in his brief on appeal that his family members were not threatened because they are not ANP members misses the point of the agency's critique: Rehman's earlier claim was not that his family was threatened for their politics; rather, he asserted that they were approached by people looking for him. This is the assertion that he did not corroborate, and that was important to supporting his stated fear of his own future persecution. And, contrary to his argument, the record evidence of general country conditions evidence does not corroborate that the mujahideen continue to seek him out specifically. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 153 (2d Cir. 2008) (holding incidents of mistreatment appearing in country reports "insufficient to indicate that the applicant would be singled out for this treatment upon his return" (internal quotation marks omitted)).

III. Convention Against Torture

Rehman argues that the agency ignored evidence that he would be tortured by the Taliban or mujahideen if returned to

7

Pakistan. To qualify for CAT relief, an applicant must show that he will more likely than not be tortured. Torture is "an extreme form of cruel and inhuman treatment" that is "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1),(2); *see Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). In determining whether an alien is eligible for CAT relief, the agency considers evidence of past torture, the alien's potential for relocation within the country of removal, evidence of mass violations of human rights in that country, and any other relevant factors. 8 C.F.R. § 1208.16(c)(3). Here, Rehman presented no evidence of past torture and cites no relevant evidence of country conditions in his brief. Instead, he testified that his family remained unharmed in Pakistan and that the Taliban and mujahideen had not threatened them since 2009. To the extent he testified that the mujahideen continued to seek him out, he failed to submit any statements from his family to corroborate that allegation. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-98. Given Rehman's testimony and the lack of corroborating evidence, the agency reasonably concluded that he had not met his burden of showing that the Taliban and mujahideen would "more likely than

not" target him for torture. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (family members still residing safely in country of origin "cuts against" argument of well-founded fear of future persecution); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005) (denying petition where applicant presented no "particularized evidence suggesting that she is likely to be subjected to torture").

IV. Relocation

The agency may consider the reasonableness of internal relocation in the context of ruling on both withholding of removal and CAT claims. 8 C.F.R. § 1208.16(b)(3), (c)(3)(ii). Rehman argues that the agency erred in finding that he could safely relocate to Islamabad, Pakistan. But the agency's finding was supported by substantial evidence: Rehman's witness, Taj Akbar, testified to being the leader of Rehman's ANP chapter and, like Rehman, living in the United States, but acknowledged that he is able to travel frequently to Islamabad for several weeks at a time without incident. Rehman also testified that his adult son living in Pakistan remained unharmed after simply moving to a different neighborhood in the same general area. *See Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) (relief is not available to "obviate re-location to sanctuary in one's own country").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk